UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWMEDICA OSTEONICS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>BRETT SARKISIAN, et al.,<br><br>Defendants. | Case No. 16-cv-05079-PJH<br><br>**ORDER SEVERING AND TRANSFERRING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS BRETT SARKISIAN, KEEGAN FREEMAN, MICHAEL NORDYKE, TAYLOR SMITH, AND BRYAN WYATT AND LIFTING THE STAY** |

**BACKGROUND**

The above-captioned matter was filed in the District of New Jersey on May 30, 2014. Dkt. 1. On November 26, 2014, defendants Keegan Freeman, Michael Nordyke, Brett Sarkisian, Taylor Smith, and Bryan Wyatt moved to dismiss the case for, among other reasons, lack of personal jurisdiction and improper venue. Dkt. 52. Also on November 26, 2014, defendant DePuy Orthopaedics, Inc. moved to dismiss the complaint or, in the alternative, transfer the action to the Northern District of California. Dkt. 54. On November 28, 2014, defendant Golden State Orthopaedics, Inc. filed a similar motion. Dkt. 55. On April 20, 2015, Magistrate Judge Mark Falk granted "Defendants' motion[s] to transfer this case to the United States District Court for the Northern District of California[.]" Dkt. 76. The order instructed the clerk of court to terminate all outstanding motions and to delay the transfer for 14 days. Id. Plaintiff appealed the Magistrate Judge's order to District Court Judge Cecchi. Dkt. 77.

On August 26, 2016, Judge Claire Cecchi of the District of New Jersey issued an opinion and order affirming the Magistrate Judge's order, granting defendants' motions to

transfer, and ordering "that the Clerk of the Court [of the District of New Jersey] shall close the file in this matter." Dkts. 94–95. The case was transferred to the Northern District of California on September 2, 2016, docketed in this district, and assigned to Judge Armstrong. Dkts. 96–98. On September 26, 2016, plaintiff Howmedica Osteonics Corporation d/b/a Stryker Orthopaedics ("Stryker") filed a petition with the Third Circuit Court of Appeals for a writ of mandamus. Petition for Writ of Mandamus, In re: Howmedica Osteonics Corp., Case No. 16-3682 (3d Cir. Sept. 26, 2016).

On November 3, 2016, this case was ordered related to Case No. 14-cv-3073-PJH and was reassigned to the undersigned. Dkt. 105. On November 23, 2016, this court stayed the case pending the Third Circuit Court of Appeal's consideration of a petition for writ of mandamus challenging the transfer of this case to this district. Dkt. 111. This court did not stay the case because it was divested of jurisdiction over the action; rather, it exercised the court's discretionary authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Id. at 2; see generally Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Woodson v. Surgitek, Inc., 57 F.3d 1406, 1416 (5th Cir. 1995). The court reasoned that staying the case in this district was unlikely to cause harm; that proceeding with the case in this district could risk inconsistent adjudication if the Third Circuit found that venue was appropriate in the District of New Jersey, thereby allowing the parties to concurrently litigate the issue in that district; and that the Third Circuit's decision could simplify procedural issues, for example by holding that the case could not concurrently be heard in New Jersey, or in the alternative (as it held) that the case could proceed in New Jersey, thereby allowing this court to transfer a portion of the action back to the District of New Jersey.

On August 15, 2017, the Third Circuit granted Stryker's petition for mandamus, held that Judge Cecchi erred "by transferring the action in its entirety," and held that only claims against defendants DePuy and Golden State Orthopaedics should have been transferred to this district. In re: Howmedica Osteonics Corp., 867 F.3d 390, 397, 406 (3d Cir. 2017) ("We conclude that the proper disposition of the defendants' § 1404(a)

1 transfer motions is severance of Howmedica's claims against DePuy and Golden State,
2 transfer of the severed claims to the Northern District of California pursuant to § 1404(a),
3 and denial of the motion to transfer the claims against the Sales Representatives."). On
4 April 30, 2018, the Third Circuit issued a writ of mandamus directing Judge Cecchi to
5 "vacate the order of August 26, 2016 transferring the case to the U.S. District Court for
6 the Northern District of California, to deny Defendants' motions to transfer venue, and to
7 restore the case to the docket of the District of New Jersey." Writ of Mandamus at 2,
8 Howmedica Osteonics Corp. v. Sarkisian, Case No. 14-cv-03449-CCC-MF (D.N.J. Apr.
9 30, 2018), ECF No. 119.

On May 1, 2018, Judge Cecchi issued an order vacating the order that had transferred the case to this district in its entirety, denying defendants' motions to transfer venue, and reopening the case in the District of New Jersey. Order, Howmedica Osteonics Corp., Case No. 14-cv-03449-CCC-MF (D.N.J. May 1, 2018), ECF No. 121.

On May 23, 2018, Judge Cecchi issued an order severing Stryker's claims against defendants DePuy and Golden State and transferring those claims to the Northern District of California. Order, Howmedica Osteonics Corp., Case No. 14-cv-03449-CCC-MF (D.N.J. May 23, 2018), ECF No. 123. The same order ordered that Stryker's claims against defendants Brett Sarkisian, Keegan Freeman, Michael Nordyke, Taylor Smith, and Bryan Wyatt "remain before" the court in the District of New Jersey. Id.

**DISCUSSION**

**A.      Jurisdiction**

Under Ninth Circuit law, a case is transferred once the transferee court dockets the case. See, e.g., In re Donald, 328 B.R. 192, 197 (B.A.P. 9th Cir. 2005) ("Once the transferee court receives and dockets the case files, the transferor court generally loses jurisdiction over the case, as does the transferor court's appellate court."); Lou v. Belzberg, 834 F.2d 730, 733 (9th Cir. 1987) ("We adopt the docketing date as the time of effective transfer."); Town of N. Bonneville, Wash. v. U.S. Dist. Court, W. Dist. of Wash., 732 F.2d 747, 752 (9th Cir. 1984) (where the District Court transferred causes in clear

1 error, writ of mandamus issued requiring district court to "call for the return of those causes to its jurisdiction"); cf. In re: Howmedica Osteonics Corp., 867 F.3d at 399–400 (describing the Third Circuit's different treatment of the legal issue).  As such, this district gained jurisdiction over the action and the District of New Jersey lost jurisdiction over the action following Judge Cecchi's order transferring the case in its entirety and the Northern District of California docketing the case.

**B.     Transfer**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The district court has broad discretion to transfer its cases to another district according to an individual, case-by-case consideration of convenience and fairness.

While there is no rigid test to determine whether a court should grant a motion to transfer, courts may consider factors including:  "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000).

The court, having reviewed the Third Circuit's writ of mandamus and the District of New Jersey's orders, understands that Stryker may properly litigate its claims against defendants Brett Sarkisian, Keegan Freeman, Michael Nordyke, Taylor Smith, and Bryan Wyatt in the District of New Jersey.  Therefore, this court may transfer the claims asserted against those defendants to the District of New Jersey.  28 U.S.C. § 1404(a) ("a district court may transfer any civil action to any other district or division where it might have been brought").

The court has considered the particular facts of this case as well as the relevant factors. After such consideration, the court hereby SEVERS Stryker's claims against defendants Brett Sarkisian, Keegan Freeman, Michael Nordyke, Taylor Smith, and Bryan Wyatt and TRANSFERS them to the District of New Jersey.

## CONCLUSION

For the reasons stated in this order, plaintiff Stryker's claims against defendants Brett Sarkisian, Keegan Freeman, Michael Nordyke, Taylor Smith, and Bryan Wyatt are hereby SEVERED from this case and TRANSFERRED to the District of New Jersey. The stay in this case is LIFTED. The parties shall appear for a further case management conference on August 16, 2018 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: July 16, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge